UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY E. WINDEKNECHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-00009 JAR |
| DAVE EASTER, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion to amend the complaint. [ECF No. 12] For the reasons discussed below, the motion will be denied.

**Background**

Plaintiff is a civilly committed resident at the Sex Offender and Rehabilitation Treatment Services Center (SORTS), which is run by the Missouri Department of Mental Health in Farmington, Missouri. Plaintiff filed the instant action, brought pursuant to 42 U.S.C. § 1983, on January 3, 2022. He named individuals as defendants in this action: Dave Easter (Security Staff) and Jarrod Hoskins (Security Staff).

Because plaintiff was proceeding in forma pauperis in this action, on June 13, 2022, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted. Based on that review, the Court determined that plaintiff had alleged enough in his complaint to proceed with his allegations of excessive force, as well as state law assault and battery, against defendants Easter and Hoskins. The Court, however, dismissed plaintiff's unlawful search claims against defendants, in violation of the Fourth Amendment. [ECF No. 9]. The Court also denied plaintiff's motion for preliminary

injunction with respect to his request that defendants be enjoined from engaging in searches of his person, as well as his room, at the Sex Offender Rehabilitation Treatment Service Center (SORTS). *Id.*

On June 24, 2022, plaintiff submitted a motion for leave to file an amended complaint. [ECF No. 12]. Plaintiff, however, has failed to attach a copy of the proposed amended complaint to his motion.

## Discussion

In his motion to amend his complaint, plaintiff seeks to add additional factual assertions to his pleading. He states that he has been moved from the room he previously slept in for two years and is being made to sleep between two beds in Hector 6 Room 320. Plaintiff asserts that there is not room in the new bed to accommodate his medical condition, so he must sleep on the floor. Plaintiff also alleges that he is under an Individual Treatment Plan which limits his television and PlayStation time. However, plaintiff does not indicate why he believes this treatment plan to be discriminatory.

The Court finds that plaintiff's motion to amend his complaint should be denied because he has not submitted a proposed amended complaint, on a court-provided form, as an attachment to his motion for leave to file. *See Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion).

Additionally, the Court notes that these claims do not relate to the claims in plaintiff's original complaint such that an amendment of plaintiff's pleading would comply with Federal Rules of Civil Procedure 18 and 20. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, ... [in part] to ensure that

prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.")

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 12] is **DENIED**.

Dated this 27th day of June, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE