# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY E. WINDEKNECHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-00009 JAR |
| ) | |
| DAVE EASTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's second motion for appointment of counsel. [ECF No. 15]. After considering the motion and the pleadings, the motion will be denied without prejudice.

Plaintiff, Larry Windeknecht, a civilly committed resident at the Sex Offender Rehabilitation Treatment Services Center (SORTS), filed this action on January 3, 2022, against security staff, Jarrod Hoskins and Dave Easter. Plaintiff alleges that defendants engaged in excessive force against him at SORTS on or about December 7, 2021. Plaintiff also alleges state law claims of assault and battery. On June 13, 2022, the Court issued process on plaintiff's allegations after review of his complaint pursuant to 28 U.S.C. § 1915. At that time, the Court denied plaintiff's motion for appointment of counsel, finding that plaintiff was able to represent his own interests in this action. [ECF No. 9].

Plaintiff filed a second motion for appointment of counsel on July 11, 2022. In his motion, plaintiff asserts that he seeks court-appointed counsel "based on a reasonable contingency fee." Plaintiff asserts that there is precedent for his request, and he cites to the case of *Ziegler v. City of St. Louis,* No. 4:18-CV-1577 JAR (E.D.Mo). The Court has reviewed the action cited to by plaintiff and notes that the action he refers to *was filed by retained counsel*. No motions for appointment of counsel were filed in the case of *Ziegler v. City of St. Louis,* No. 4:18-CV-1577 JAR (E.D.Mo).

As the Court previously noted, there is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

The Court believes that at this stage of the litigation, plaintiff can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. As such, plaintiff's second motion for appointment of counsel will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion for appointment of counsel [ECF No. 15] is **DENIED** without prejudice.

Dated this 14th day of July, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE