UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY E. WINDEKNECHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-00009-JAR |
| | ) | |
| DAVE EASTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Dave Easter and Jarrod Hosking's motion for summary judgment and on several of Plaintiff Larry Windeknecht's related motions.  ECF Nos. 45, 59, 60, 83.  As explained in further detail below, the Court will grant Defendants' motion and deny Windeknecht's motions.

## BACKGROUND

Windeknecht is a civilly committed resident at the Sex Offender and Rehabilitation Treatment Services Center ("SORTS") in Farmington, Missouri.  He alleges that Easter and Hosking, two security officers at SORTS, slammed and pinned him to the ground during a search of his room, causing severe injuries to his lower back, chest, and left shoulder.  He asserts claims against both officers in their individual capacities under 42 U.S.C. § 1983 for violations of his Fourteenth Amendment right against excessive force, and he asserts state law claims against the officers for assault and battery.[1]  Defendants move for summary judgment, arguing that they are entitled to qualified and official immunity and that security footage of the incident contradicts Windeknecht's allegations.

---

[1] Windeknecht's complaint also alleged an unreasonable search and seizure claim.  On June 13, 2022, the Court dismissed that claim under 28 U.S.C. § 1915(e)(2)(B).  ECF No. 10.

The security footage depicts the following. At 5:20 P.M. on December 7, 2021, Easter walked out of Windeknecht's room while Windeknecht stood in an abutting hallway. Easter instructed Windeknecht to step back from the door and began walking away. As soon as Easter's back was turned, Windeknecht quickly approached his door. Easter turned around and said, "Hey!" Windeknecht responded, "What? Get away! Get away! I got business! I got business!" Easter then attempted to wedge himself between Windeknecht and the door, and Windeknecht tried to push Easter away, flailing his arms and moving Easter back several feet. Someone shouted, "Code 10! Code 10!" indicating a ward emergency. Easter and three other individuals—including Hosking—then grabbed Windeknecht and attempted to force him to the ground. Windeknecht resisted, but the officers eventually forced Windeknecht's bottom, and then his back, to the tile floor. Hosking appears to place his arm between Windeknecht's upper back and the floor to cushion Windeknecht's fall. The officers then pinned Windeknecht's limbs to the ground until further help arrived. By 5:25 P.M. the officers transferred him to another room where they handcuffed his arms and legs to a bed.

Later that evening, Windeknecht received medical attention. An injury description of the incident indicates that Windeknecht complained of shoulder pain. ECF No. 47-2 at 7. However, a nursing service administrative report indicates that Windeknecht refused treatment for his shoulder. ECF No. 47-2 at 4.

On April 10, 2023, Defendants filed the present motion for summary judgment, arguing that their use of force was objectively reasonable. Attached to their motion is a statement of uncontroverted material facts and several sealed exhibits, including medical and administrative records and a declaration from Joshua Strait, a Staff Development Training Specialist and instructor for the Situational Management and Response Techniques training program

("SMART"). ECF No. 47-1 at 2. That program provides aggression management and response training to security officers at SORTS. *Id.* at 2-3. In the declaration, Strait states that he reviewed the video of the incident and explains that he believes Windeknecht's behavior posed imminent danger to staff and others. He also opines that manual and mechanical restraints were necessary and that Easter and Hosking properly used the manual restraint principles taught by SMART to control Windeknecht's descent toward the ground. *Id.* at 4-5.

On May 26, 2023, Windeknecht filed an opposition memorandum denying that he hit Easter, that he tried to enter his room, that Easter told him to step back from his door, and that he posed a threat to Easter's physical safety. Windeknecht also filed a response to Defendants' statement of uncontroverted material facts, but the response did not controvert or admit any of Defendants' statements of fact. Instead, it offered Windeknecht's statement of uncontroverted material facts and several exhibits. Because Local Rule 4.01(E) provides that "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party," the Court must deem Defendants' statements of fact as admitted.

On the same day, Windeknecht filed a motion to strike Defendant's sealed "Exhibit A," which contains Easter's written account of the incident to the Farmington Police Department. Windeknecht claims that the criminal charges against him arising from the incident were dropped, so consideration of Easter's account would prejudice him. Windeknecht also appears to object to Defendants' motion for leave to file the sealed exhibits because the information contained therein can be redacted. Windeknecht also states his belief that he is entitled to retain a copy of the video of the incident.[2]

---

[2] On April 21, 2021, the Court ordered Defendants to confirm that they provided Windeknecht with a copy of the video. *See* ECF No. 52. After the Court entered that order, Defendants filed a response

Also on the same day, Windeknecht filed a motion seeking an order pursuant to Federal Rule of Civil Procedure 56(d)(2). ECF No. 60. In the motion, he argues that Strait instructs officers on how to assault and batter patients and violate their constitutional rights, and he disputes Strait's characterization of the incident. Windeknecht also attached an ostensible affidavit to his motion explaining that he has been unable to conduct discovery and that he needs the Court's assistance to "make an example" of Defendants for their "reprehensible actions." ECF No. 60-1 at 2-3.

Several months later, Windeknecht filed a motion for appointment of counsel. He explains that he does not have the legal knowledge necessary to obtain depositions and that his ability to investigate the matter is very limited. This is Windeknecht's third motion for appointment of counsel. Defendants did not respond to this motion.

## DISCUSSION

I. **Defendants' Motion for Summary Judgment (ECF No. 45)**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The burden of demonstrating there are no genuine issues of material fact rests on the moving party," and the

---

stating that they informed Windeknecht that he could not retain a copy of the video because it contained confidential information, that they had attempted to meet with Windeknecht to allow him to review the video, and that Windeknecht had canceled the meetings without attempting to reschedule. ECF No. 53. The Court then entered a notice explaining that Defendants made good faith efforts to facilitate Windeknecht's inspection of the exhibits, which Windeknecht failed to reciprocate. The Court informed Windeknecht that it is his responsibility to request and attend a meeting to inspect the sealed exhibits, and it urged Windeknecht to do so expeditiously. ECF No. 56.

Court considers the evidence and reasonable inferences in the light most favorable to the non-moving party. *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015). To avoid summary judgment, the non-movant "must demonstrate the existence of specific facts supported by sufficient probative evidence that would permit a finding in [his] favor on more than mere speculation." *Donathan v. Oakley Grain, Inc.*, 861 F.3d 735, 739 (8th Cir. 2017). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

      a. <u>Excessive Force</u>

Defendants first argue that they are entitled to summary judgment on Windeknecht's excessive force claim because their use of force was objectively reasonable and that they are entitled to qualified immunity. The Court agrees.

"Qualified immunity shields government officials from liability in a § 1983 action unless their conduct violates a clearly established right of which a reasonable official would have known." *Burnikel v. Fong*, 886 F.3d 706, 709 (8th Cir. 2018) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an official is entitled to qualified immunity, the Court asks: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (en banc) (quoting *Nord v. Walsh Cnty.*, 757 F.3d 734, 738 (8th Cir. 2014)). "The defendants are entitled to qualified immunity unless the answer to both of these questions is yes." *McCaster v. Clausen*, 684 F.3d 740, 746 (8th Cir. 2012).

The Due Process Clause of the Fourteenth Amendment protects involuntarily committed state hospital patients from "the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396, n. 10 (1989)); *see Andrews v. Neer*, 253 F.3d 1052, 1060-61 (8th Cir. 2001) (explaining that an excessive-force claim brought by an involuntarily committed state hospital patient should be evaluated under the same standard applied to excessive force claims brought by pretrial detainees). To state an excessive force claim, the patient "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97.

Whether a use of force is objectively reasonable "turns on the facts and circumstances of each particular case." *Id.* at 397 (quoting *Graham*, 490 U.S. at 396). Because "[o]fficers facing disturbances 'are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving' "—the Court has stressed the need to view the use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* at 399 (quoting *Graham*, 490 U.S. at 397). Relevant factors in evaluating the reasonableness of the use of force include: (1) "the relationship between the need for the use of force and the amount of force used," (2) "the extent of the plaintiff's injury," (3) "any effort made by the officer to temper or to limit the amount of force used," (4) "the severity of the security problem at issue," (5) "the threat reasonably perceived by the officer," and (6) "whether the plaintiff was actively resisting." *Id.* at 397 (citing *Graham*, 490 U.S. at 396).

Applying these factors to the facts of the case, the Court finds that a fact finder could not conclude that Defendants' use of force was objectively unreasonable. Because Windeknecht was

agitated and pushing and flailing his arms at Easter,[3] Easter and Hosking reasonably believed that Windeknecht posed a danger to themselves and others and that it was necessary to restrain him. Their use of force was proportional to this threat, and the security footage indicates that they attempted to limit the use of force to prevent injuries to Windeknecht. Windeknecht's medical records indicate that they were successful in doing so: despite Windeknecht's claims to have suffered several serious bodily injuries, he complained only of left shoulder pain and denied any treatment.

Windeknecht disputes several of these facts, but none of these disputes are genuine. The security footage clearly contradicts Windeknecht's claims that Easter initiated the incident by shoving him and that he did not shove Easter. Windeknecht also appears to argue that the officers did not reasonably believe that he posed a threat to others because Easter is a larger individual than he is. But Windeknecht can be seen on video flailing his arms at Easter and pushing him back several feet. Windeknecht's self-serving and unsupported claims are therefore insufficient to create a genuine dispute of material fact.

Because the evidence viewed in the light most favorably to Windeknecht shows that Windeknecht was actively resisting the officers and shoving and flailing his arms at Easter, Defendants attempted to temper the force used, and Windeknecht suffered only *de minimis* injuries, the Court is unable to say that a reasonable jury could conclude that the use of force was objectively unreasonable. Accordingly, Windeknecht has not shown a violation of a constitutional right, and the Court need not evaluate whether that right was clearly established. Defendants are entitled to qualified immunity.

---

[3] In their memorandum in support of summary judgment and Statement of Uncontroverted Material Facts, Defendants repeatedly claim that Windeknecht hit Easter. The Court is unable to discern from the video of the incident whether Windeknecht actually struck Easter. Viewing the video in light most favorable to Windeknecht, the Court assumes that Windeknecht did not actually strike Easter.

### b. Assault and Battery

Defendants next argue that Windeknecht has failed to allege the requisite elements of his assault and battery claims and that they are entitled to official immunity. The Court agrees that Defendants are entitled to official immunity.

"Under Missouri law, the official immunity doctrine protects public officials from liability for injuries arising out of their discretionary acts or omissions." *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 585 (8th Cir. 2006). It does not apply, however, to discretionary acts done in bad faith or with malice. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. 1986). Because "a police officer's decision to use force in the performance of his duties is discretionary," *Davis v. White*, 794 F.3d 1008, 1013 (8th Cir. 2015), Defendants are entitled to official immunity unless there is a genuine dispute that Defendants acted with bad faith or malice.

"The relevant definition of bad faith or malice in this context ordinarily contains a requirement of actual intent to cause injury." *State ex rel. Twiehaus*, 706 S.W.2d at 443. Here, Windeknecht has proffered no evidence from which a reasonable jury could infer that Defendants intended to injure him. On the contrary, the undisputed evidence in this case demonstrates that Defendants' use of force was reasonable, that they attempted to temper the amount of force used to prevent any injuries, and that they succeeded in doing so. *But see Davis v. White*, 794 F.3d 1008, 1013 (8th Cir. 2015) ("That an officer's conduct caused only *de minimis* injuries does not necessarily establish the absence of malice or bad faith as a matter of law."). Defendants are therefore entitled to official immunity and summary judgment on Windeknecht's assault and battery claims.

**II.      Windeknecht's Motion to Strike (ECF No. 59)**

Windeknecht moves to Strike Exhibit A to Defendants' Statement of Uncontroverted Material Facts. The Court will deny Windeknecht's motion because "[a] motion to strike is properly directed only to material contained in pleadings." *Khamis v. Bd. of Regents, S.E. Mo. State Univ.*, No. 1:09-CV-145-RWS, 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2010) (quoting *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, No. 4:07-CV-1719-CAS, 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008)); *see also* Fed. R. Civ. P. 12(f). And Defendants' statements of facts and exhibits are not pleadings. *See* Fed. R. Civ. P. 7(a); *see also Milk Drivers Local Union No. 387 v. Roberts Dairy*, 219 F.R.D. 151, 152 (S.D. Iowa 2003). However, the Court has declined to consider Exhibit A in ruling on Defendants' motion for summary judgment because doing so is unnecessary to resolve the motion.

### III. Windeknecht's Motion Seeking Order Pursuant to Fed. R. Civ. P. 56(d)(2) (ECF No. 60)

Windeknecht next moves for relief under Federal Rule of Civil Procedure 56(d)(2). That rule allows the Court to grant a nonmovant time to obtain affidavits or declarations or to take discovery if he shows that he cannot present facts essential to justify an opposition to a motion for summary judgment. In Windeknecht's motion, he generally disputes the assertions in Strait's affidavit, and he does not address his request for relief. However, attached to the motion is an ostensible affidavit—"ostensible" because the "affidavit" does not appear to be sworn or notarized—in which Windeknecht claims that his criminal defense attorney in the now-dropped criminal proceedings has not deposed several witnesses on his behalf despite his repeated requests, that he needs the Court's assistance to procure testimony from a nurse who witnessed the incident because Windeknecht believes that she is afraid of losing her job if she provides the testimony, and that he needs the Court's assistance to procure an expert witness rebutting Strait's declaration.

The Court will deny Windeknecht's motion because the Court is unpersuaded that the identified facts are necessary to justify his opposition. Windeknecht claims that his criminal defense attorney has not responded to his requests to depose several individuals, but Windeknecht's attorney in that matter has not entered an appearance here, and Windeknecht does not explain what information those witnesses will provide. Moreover, Windeknecht has personal knowledge of the incident, and Defendants and the Court have provided him ample opportunities to review the security footage of the incident to support his defense. Windeknecht declined to avail himself of those opportunities despite the Court's exhortation to do so and warning that it will not grant him an extension of time to file his opposition. Moreover, Windeknecht's unsupported speculation that a nurse is afraid of losing her job is insufficient to justify an extension of time to procure her deposition. Finally, expert testimony rebutting Strait's declaration is unnecessary for Windeknecht's defense because Strait's declaration played no part in the Court's ruling on the motion for summary judgment. Consideration of Strait's declaration is unnecessary because the security footage and medical evidence is sufficient to demonstrate that Defendants are entitled to summary judgment.

The Court will accordingly deny Windeknecht's motion.

## IV.     Windeknecht's Motion for Appointment of Counsel  (ECF No. 83)

Finally, Windeknecht moves for appointment of counsel. As the Court previously noted, there is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief, (2) whether the plaintiff will substantially benefit from the appointment of counsel, (3) whether there is a need to further

investigate and present the facts related to the plaintiff's allegations, and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

As the Court previously concluded, appointment of counsel is unwarranted here. Windeknecht has personal knowledge of the incident, and he has not availed himself of multiple opportunities to review security footage of the incident—a video that belies his allegations. Moreover, Windeknecht has proven capable of properly presenting his claims to the court and opposing Defendants' motion for summary judgment. Windeknecht's motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion For Summary Judgment [ECF No. 45] is **GRANTED**. A separate Judgment is entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Strike [ECF No. 59], for Order Pursuant to Rule 56(d)(2) [ECF No. 60], and for Appointment of Counsel [ECF No. 83] are **DENIED**.

Dated this 25th day of March 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE